UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):
None Present   None Present

**Proceedings:**   (In Chambers) Order

Having reviewed and considered all the briefing filed with respect to plaintiff Diane Pinter's ("Pinter" or "plaintiff") Motion for Remand to State Court (Dkt. 25, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

On October 14, 2015, Pinter filed a Complaint in the Los Angeles County Superior Court against Arthur J. Gallagher Service Company, LLC ("Gallagher Service"), Arthur J. Gallagher & Co. (Illinois) ("Gallagher & Co."), Arthur J. Gallagher & Co. Insurance Brokers of California, Inc. ("Gallagher Insurance"), (collectively, "AJG"), Allison Letterman ("Letterman"), Scott Firestone ("Firestone" and together with Letterman, "Individual Defendants"), and Does 1 through 50 (collectively, "defendants"), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 1 & Dkt 1-1, Exhibit ("Exh.") A ("Complaint") at ¶¶ 2-7), asserting state-law claims for: (1) defamation; and (2) wrongful termination in violation of public policy. (See Dkt. 1-1, Complaint at ¶¶ 25-43). Plaintiff alleges that Letterman and Firestone made false statements about her, including that she was attempting to solicit clients away from AJG and asking them if they would move with her to a new employer. (See, e.g., id. at ¶¶ 14-18). According to plaintiff, Letterman made the false statements to Firestone in order to harass plaintiff given Letterman's personal conflicts with plaintiff. (See id. at ¶ 16). After plaintiff retained counsel to resolve allegations that her conduct violated her employment contract, AJG terminated plaintiff's employment. (See id. at ¶¶ 19-21).

On December 7, 2015, Gallagher Service removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶ 5). In its NOR, Gallagher Service represented that it was a citizen of Delaware and Illinois, (see id. at p. 1; Dkt 6, Declaration of Sara Eggers in Support of Defendants' Notice of Removal ("Eggers Decl.") at ¶¶ 3-4), that the citizenship of the other defendants was irrelevant, (see Dkt. 1, NOR at ¶ 15), and therefore, there was complete diversity of citizenship since plaintiff was a citizen of California. (See id. at p. 1 & ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

On January 11, 2016, plaintiff filed the instant Motion challenging the court's diversity jurisdiction. (See Dkt. 25, Motion at 1). Based on the court's review of the pleadings and the briefing on plaintiff's Motion, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Wash. v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

When subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a),[1] complete diversity must exist between the opposing parties. See Caterpillar Inc.

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff is a citizen of California. (See Complaint at ¶ 1; Motion at 2). The citizenship of defendants will be addressed below.

  A.  Removing Defendants' Representations.

  As an initial matter, the court addresses some of removing defendants'[2] and Gallagher Service's representations to this court, which the court finds troubling. First, while Gallagher Service – the only party that removed the action – represented in the NOR that it was a "corporation formed under the laws of the State of Delaware[,]" (see Dkt. 6, Eggers Decl. at ¶ 3); see also Dkt. 1, NOR at p. 1 (identifying itself as "Arthur J. Gallagher Service Company, LLC, Inc."), id. at ¶¶ 13-14 (reciting and apply law relating to corporate citizenship)), and that it was a citizen of Delaware, and of Illinois, its principal place of business and where its headquarters are located, (see Dkt. 6, Eggers Decl. at ¶¶ 3-5; Dkt. 1, NOR at ¶ 14), removing defendants now claim that Gallagher Service is an LLC. (See Dkt. 33, Opp. at 4; Dkt. 33-1, Declaration of Jennifer Duncan in Support of Defendants' Opposition to Plaintiff's Motion to Remand to State Court ("Duncan Decl.") at ¶ 3). Defense counsel provides no explanation for this significant discrepancy, (see, generally, Dkt. 33, Opp.), which is troubling to the court since counsel is expected to know whether his or her client is a corporation or LLC.

  Second, defense counsel's contention that plaintiff concedes that her employer is Gallagher & Co. misrepresents the allegations in the Complaint. Removing defendants assert that "despite the fact that Plaintiff concedes her employment was governed by a written employment agreement between AJG [Gallagher & Co.] and her, Plaintiff . . . attempts to destroy diversity by pretending she doesn't know who her employer is."[3] (Dkt. 33, Opp. at 1) (citing Dkt. 1-1, Complaint at ¶ 14). However, while paragraph 14 of the Complaint alleges that Firestone "falsely accused Plaintiff of insubordination and misconduct relating to a breach of her fiduciary duties to Defendant AJG in violation of her employment agreement[,]" (Dkt. 1-1, Complaint at ¶ 14), the Complaint clearly

---

citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

 [2] For sake of simplicity, the court will refer to AJG and Letterman collectively as removing defendants since only these parties filed an opposition to the Motion, (see Dkt. 33, Defendants Arthur J. Gallagher Service Company, LLC, Arthur J. Gallagher & Co. (Illinois), Arthur J. Gallagher & Co. Insurance Brokers of California, Inc. and Allison Letterman's Opposition to Plaintiff's Motion for an Order to Remand Case to State Court ("Opp.")), and notwithstanding the fact that only Gallagher Service filed the NOR. (See Dkt. 1, NOR).

 [3] In their Opposition, removing defendants refer to Gallagher & Co. as "AJG." (See Dkt. 33, Opp. at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

defines "AJG" as Gallagher Service, Gallagher & Co., and Gallagher Insurance. (See id. at ¶ 5). Thus, plaintiff did not concede that her employment agreement was with Gallagher & Co.

Moreover, removing defendants ignore the fact that Gallagher & Co., Gallagher Service, and Gallagher Insurance were parties to the same employment contract, (see Dkt. 36, Plaintiff Diane Pinter's Reply to Defendants' Opposition to Plaintiffs' Motion for Remand to State Court ("Reply") at 15; Dkt. 36-1, Declaration of David F. Tibor in Support of Plaintiff's Reply to Defendants' Opposition to Plaintiffs' Motion for Remand ("Tibor Supp. Decl.") at ¶ 3 & Exh. 2 ("2009 Agreement"), and, apparently, removing defendants also did not know who was plaintiff's employer. Indeed, as plaintiff explains, prior to removal, plaintiff's counsel requested from AJG's counsel confirmation regarding plaintiff's employer, (see Dkt. 25, Motion at 3-4; Dkt. 25-1, Declaration of David F. Tibor in Support of Motion for Remand to State Court ("Tibor Decl.") at ¶¶ 4-8 & Exhs. 1 (December 3, 2015 Email ("December 3 Email") & 3 ("December 8 Ltr.")), but defense counsel could not or would not confirm. (See Dkt. 25, Tibor Decl. at ¶ 5 & December 8 Ltr.). Perhaps the employment agreement is not as clear cut as removing defendants suggest, and there was no feigning on plaintiff's part.

      B.      Applicability of 28 U.S.C. § 1441(b)(2).

In the NOR, Gallagher Service maintains that under § 1441(b)(2),[4] "an action is diverse and removable if none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]'" (NOR at ¶ 15) (quoting 28 U.S.C. § 1441(b)), and that § 1441(b) "only contemplates consideration of defendants who are 'properly joined and served.'" (Id.). Based on that understanding, Gallagher Service asserts that the residence of Gallagher & Co., Gallagher Insurance, Letterman, and Firestone was irrelevant since they had not yet been served. (See id.). Gallagher Service's reading of § 1441(b)(2) is mistaken. That section functions as a limitation on removal, not an expansion of diversity jurisdiction.

Section 1441(a) of Title 28 of the United States Code provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" Section 1441(b), in turn, provides that:

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

---

[4] Unless otherwise indicated, all section references are to Title 28 of the United States Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

28 U.S.C. § 1441(b) (emphasis added). As the text of this section makes clear, even when diversity of citizenship exists pursuant to § 1332(a), an action may not be removed if any "properly joined and served . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see Jennings-Frye v. NYK Logistics Ams. Inc., 2011 WL 642653, *4 (C.D. Cal. 2011) (Known as the "no local defendant rule" § 1441(b)(2) "prohibits a local defendant, who has been properly joined and served, from removing the action to federal court even if complete diversity exists.").

For instance, in an action filed in California state court by a New York citizen against a Florida defendant and a California defendant, removal would not be permitted despite complete diversity of citizenship. This rule, the violation of which is a waivable defect, see Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (holding that plaintiff's failure to object to removal despite violation of forum defendant rule waived objection), does not support Gallagher Service's assertion that unserved defendants may be ignored for purposes of determining whether complete diversity of citizenship exists and whether removal is proper. See Gonzalez v. J.S. Paluch Co., Inc., 2013 WL 100210, *3 (C.D. Cal. 2013) (Section "1441(b)(2) does not abrogate section 1332's requirement of complete diversity."). Indeed, § 1441(b)(1), which expressly provides that the citizenship of Does defendants may be ignored, does not mention unserved defendants.

Although removing defendants do not directly address the argument that § 1441(b)(2) does not render the citizenship of non-served defendants irrelevant for purposes of establishing diversity jurisdiction and the right to remove, (see, generally, Dkt. 33, Opp.), they do contend that "the citizenship of unserved defendants should generally not be considered when determining which defendants must join in a removal notice." (See id. at 4). This misses the point. The issue here is not "joinder" in removal or even whether Gallagher Services violated the "no local defendant" rule, but whether diversity jurisdiction exists.[5] Thus, the court finds Gallagher Service's reliance on § 1441(b)(2) misplaced and that it was not free to ignore the citizenship of the remaining defendants.

C.  Sham Defendants.

---

[5] The cases on which removing defendants rely, Republic Western Ins. Co. v. Int'l Ins. Co., 765 F.Supp. 628 (N.D. Cal. 1991) and Windac Corp. v. Clarke, 530 F.Supp. 812 (D. Neb. 1982), are inapposite. In both cases, there was no dispute that the parties were diverse and that diversity jurisdiction existed. See Republic Western, 765 F.Supp. at 629 ("It is undisputed that complete diversity of citizenship exists as no defendant in the action has the same citizenship as the plaintiff.") (emphasis omitted); Windac Corp., 530 F.Supp. at 812 (noting that plaintiff was a citizen of Texas, and defendants were citizens of Wyoming and Nebraska). The issue was whether 28 U.S.C. § 1441(b)(2) was violated, not whether the citizenship of unserved defendants could be ignored for purposes of establishing diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | **February 16, 2016** |
|---|---|---|---|
| Title | **Diane Pinter v. Arthury J. Gallagher Service Co., LLC,** et al. | | |

Perhaps recognizing that their reading of § 1441(b)(2) set forth in the NOR is incorrect, defense counsel raise a new argument to justify their removal in their opposition to the instant Motion. Now, removing defendants contend that all parties, other than Gallagher & Co., are sham defendants. (See Dkt. 33, Opp. at 4-11). First, they maintain that since only Gallagher & Co. was plaintiff's employer, the other AJG entities were fraudulently joined. (See id. at 4-5). Second, they contend that plaintiff cannot state a claim against the Individual Defendants. (See id. at 5-11).

As an initial matter, removing defendants' new argument relating to sham defendants is improper. While a removing defendant may freely amend a notice of removal prior to the expiration of the 30-day window for removal, see 28 U.S.C. § 1446; Smiley v. Citibank (S.D.) N.A., 863 F.Supp. 1156, 1158 (C.D. Cal. 1993), after expiration of that time period, a defendant may seek leave to amend a defective notice of removal. See Carr v. Nat'l Ass'n of Forensic Counselors, Inc., 2014 WL 7384718, *3 (C.D. Cal. 2014) ("[O]nce the 30 day period has expired, the defendant must seek leave to amend the notice of removal."). However, a notice of removal "may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished." Smiley, 863 F.Supp. at 1158-89 (citation omitted); ARCO Envt'l Remediation, LLC v. Dept. of Health & Envt'l Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal cannot be amended to add a separate basis for removal jurisdiction after [28 U.S.C. § 1446(b)'s] thirty day period.") (internal quotation marks omitted). "This rule serves to prevent defendants from removing cases on questionable substantive grounds to comply with the strict thirty day time limit of § 1446(b) and substitute their stronger arguments later." Isom v. Marg, 2014 WL 3546532, *3 (C.D. Cal. 2014). Here, removing defendants did not timely file or seek leave to amend the NOR to add the new argument, i.e., to set out more specifically the grounds for removal already stated in the NOR. See Smiley, 863 F.Supp. at 1158-89.

Even assuming removing defendants had raised the sham defendant argument in their NOR, it is clear that they have not met their burden of establishing by clear and convincing evidence that plaintiff fraudulently joined any defendant to defeat removal. "It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.), cert. denied 525 U.S. 963 (1998). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotations omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

With respect to Gallagher Insurance, which removing defendants concede is a California citizen, (see Dkt. 33, Opp. at 1), the court finds that removing defendants have failed to establish that it was fraudulently joined. The only evidence or argument supporting their position is the concession of defense counsel, made after plaintiff filed the instant Motion and based upon the employment agreements, that Gallagher & Co. was plaintiff's employer, and plaintiff's earlier agreement that it would dismiss the other AJG entities. (See id. at 5; Dkt. 33-2, Declaration of Alexandra A. Bodnar in Support of Defendants' Opposition to Plaintiff's Motion to Remand to State Court ("Bodnar Decl.") at ¶¶ 2-4 & Exh. C ("Email Communication"). The email communication from defense counsel, however, merely stated that in response to plaintiff's statement that she would dismiss the non-employer defendants, defendants were "willing to agree that the company named on Ms. Pinter's employment contract is her employer[.]" (See Dkt. 33-2, Email Communication). While defense counsel refused to confirm who was plaintiff's employer before removal, (Dkt. 25, Motion at 3-4; Dkt. 25-1, Tibor Decl. at ¶¶ 4-8; December 3 Email; December 8 Ltr.), they now are willing to do so, apparently because they believe it helps justify their removal. Again, defense counsel's belated change in position – after removal – is troubling and raises issues as to whether they had a good faith basis for the instant removal.

In any event, defense counsel's belated concession cannot serve as a basis for invoking the court's subject matter jurisdiction. See Kelton Arms Condo. Owners Ass'n, 346 F.3d at 1192 ("Subject matter jurisdiction may not be waived[.]"). Even if plaintiff has agreed to dismiss Gallagher Insurance, that would not change the outcome here since at the time of removal, Gallagher Insurance was a named defendant. See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as of the time the complaint is filed and removal is effected[.]").

But aside from that, the last version of plaintiff's employment agreement, executed in 2009, states that it was "made and entered into . . . by and between [plaintiff] and Arthur J. Gallagher & Co. . . . and its subsidiaries, divisions and affiliated and related companies (hereinafter referred collectively as 'AJG" or the 'Company')[.]" (Dkt. 36-1, Tibor Supp. Decl. at ¶ 3 & Exh. 2 (2009 Employment Agreement)). No doubt Gallagher Insurance is such a subsidiary. (See Dkt. 36, Reply at 16). Moreover, plaintiff worked out of Gallagher Insurance's California office, (see id. at 16; Dkt. 6, Eggers Decl. at ¶ 7 (stating that plaintiff was employed "as a producer/insurance broker at the Glendale, California branch of [Gallagher Insurance], a subsidiary of Gallagher."); Gallagher Insurance's name was listed on plaintiff's business cards, (see Dkt. 36-1, Tibor Supp. Decl. at ¶ 4 & Exh. 3); and its name appears on the termination notice plaintiff received. (See id. at ¶ 5 & Exh. 4). Thus, the evidence undermines removing defendants' contention that only Gallagher & Co. was plaintiff's employer, and that only Gallagher & Co. may be subject to liability.[6] See Padilla

---

[6] Removing defendants do not contend that if Gallagher & Co. is not deemed to be the sole employer, that liability is nonetheless limited to that defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9449 FMO (DTBx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Diane Pinter v. Arthury J. Gallagher Service Co., LLC, et al. | | |

v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) (Defendant "seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."); Munoz v. Laboratory Corp. of Am., 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against her.") (emphasis in original).  In short, the court finds that removing defendants have failed to meet its heavy burden of showing that Gallagher Insurance was fraudulently joined.  See Hamilton Materials, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence.").[7]

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that removing defendants have met their burden of showing that removal was proper.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 25)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[7] Given this determination, the court does not address whether Letterman and Firestone are also sham defendants.